IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
DIVISION

RECEIVED
2005 AUG 19 A 9: 23

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Case NO.2:05CR155-T |
| | | **UNDER SEAL** |
| LEIGH ROHAN, | * | |
| Defendant. | * | |

**MOTION TO SUPPRESS AND BRIEF**

Comes now LEIGH ROHAN, the Defendant, through his Counsel of Record, and hereby files his motion to suppress:

**PROCEDURAL BACKGROUND:**

1. On July 6, 2005 a Grand Jury sitting in the United States District Court for the Middle District of Alabama returned a one count indictment against Leigh Rohan and Nicole Broadfoot.

2. Count 1, Rohan was charged on with the knowingly and intentionally distribution and the possession with intent to distribute of 50 grams of methamphetamine, and more than 266.3 grams of a mixture and substance containing a detectible amount of methamphetamine on June 17, 2004 October 29, 2004 in Autauga County, Alabama, in violation of 21 U.S.C. §§841(a)(1) and 846.

3. On July 20, the Government filed a motion to seal the record against Rohan based upon her cooperation in a proactive investigation. Thereafter, the case was sealed as to Rohan.

4. About July 21, 2005 at arraignment Rohan entered a plea of not guilty.

5. On July 26, 2005 the United States Magistrate Judge Charles S. Coody issued an ORDER ON ARRAIGNMENT in which he set the filing deadline of all pretrial motions including motions to suppress for two days prior to the Pretrial Conference which is set on August 22, 2005.

6. Hence lies this motion to suppress.

1

**FACTS:**   **THE JUNE 17, 2004 Incident**

7. On June 17, 2004 a citizen located a black shaving bag with a quantity of methamphetamine and paraphernalia on Interstate 65 North in Autauga County between Montgomery and Prattville, which he took to Prattville Police Department.

8. Various law enforcement officers met with the citizen, then traveled to the location on I-65 where the illegal drugs were found in order to locate additional evidence.

9. Upon arrival at the location, TFA David DeJohn and Central Alabama Drug Task Force Age Tom Reid, and Prattville Police Investigator Lee searched the area, and found 5 clear plastic baggies of contraband within 10 feet where the citizen found the original drugs.

10. While multiple agents were processing the scene, Leigh Rohan and Nicole Broadfoot pulled along side the search area and the officers and stopped their vehicle, and stared at said officers.

11. Immediately, DeJohn and Lee engaged the Defendants in conversation. DeJohn recognized Rohan as being a suspected user of methamphetamine and subject of another investigation. The officers allegedly smelled the odor of marijuana coming from inside the car. Whereupon, the car was searched and 38.8 gross weight grams of methamphetamine in three plastic baggies and .26 gross weight grams of marijuana in a small wooden box were found in Rohan's purse.

12. Rohan was charged not only with the illegal possession of the drugs found in her purse, but also the drugs found alongside I-65.

13. Rohan made various statements at the scene on I-65. She was taken to the Millbrook Police Department where she made further statements to law enforcement officers.

**ISSUES PRESENTED:**

14. Leigh Rohan moves to suppress all evidence including illegal substances, paraphenalia, and evidence seized and statements made on the June 17, 2004.

15. Defendant alleges that the seizures of evidence, drugs, and statements obtained were unreasonable and violate the Fourth, Fifth, Sixth, Seventh, Eight, and Fourteenth Amendments to the

2

United States Constitution.

16. The initial stop of Rohan was unreasonable and illegal because it was done without probable cause, a valid arrest warrant based upon probable cause, or a valid search based upon probable cause, in violation of the Fourth Amendment to the United States Constitution

17. The search of the vehicle in which the drugs were seized was unreasonable and illegal because it was conducted without probable cause, without a valid arrest, arrest warrant, a search warrant, or court order, in violation of the Fourth and Fifth Amendments of the United States Constitution. All evidence seized should be excluded by application of Weeks v. U.S., 232 U.S. 383,398 (1914), Mapp v. Ohio, 367 U.S. 643 (1961).

18. There were no exigent circumstances or other exceptions to a warrant requirement to justify a warrantless search. All fruits of the illegal searches and seizures and the statements should be suppressed. U.S. v. Leon, 468 U.S. 897 (1984), Massachysetts v, Sheppard, 468 U.S. 981 (1984). All statements made by Davis are illegal as being "fruit of the poisonous tree".

S/Paul R. Cooper
Paul R. Cooper
COOPER & COOPER
12 Scott Street
Montgomery, AL 36104
Phone: (334)262-4887
Fax:  (334)262-4880
E-mail: prc@cooperandcooperlaw.com
ASB-1152-R78P

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19 day of Aug, 2005, I served a copy of the foregoing upon Terry Moorer, Assistant United States Attorney, P.O. Box 197, Montgomery, AL 36101-0197.

Respectfully Submitted,

S/Paul R. Cooper
Paul R. Cooper
COOPER & COOPER
12 Scott Street
Montgomery, AL 36104
Phone: (334)262-4887
Fax:   (334)262-4880
E-mail: prc@cooperandcooperlaw.com
ASB-1152-R78P