IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR. NO. 2:05-cr-155-T |
| | ) | |
| LEIGH ROHAN | ) | UNDER SEAL |
| | ) | |

## UNITED STATES' RESPONSE TO MOTION TO SUPPRESS SEIZURES AND STATEMENTS WITH CITATIONS OF AUTHORITY

COMES NOW the United States of America, by and through its attorney, Leura Garrett Canary, United States Attorney, and responds to Defendant/Movant Motion To Suppress evidence as follows:

### I. FACTS

1. On June 17, 2004, a citizen found a black bag along Interstate 65 between Prattville and Montgomery which contained methamphetamine and paraphernalia. The citizen turned the bag into the Prattville Police Department. Officers went to the location where the citizen found the bag in an effort to find any other drugs or paraphernalia which might be in the area around the black bag. Officers found additional drug evidence near the place where the citizen found the black bag. While the officers began to evaluate the crime scene, Defendants Rohan and Broadfoot pulled alongside the officers, stopped their car and stared at the officers. Officer DeJohn engaged the defendants in conversation and recognized Defendant Rohan as a subject of an ongoing methamphetamine investigation. Agent DeJohn knew the investigation revealed, among other things, that Defendant Rohan uses methamphetamine. Agent DeJohn smelled the odor of marijuana coming from inside the car. A subsequent search of the car revealed methamphetamine and marijuana. Defendant Rohan made various statements to law enforcement officers at the scene and at the Police Department.

2. The defendant claims the fruits of the search and subsequent interrogations should be suppressed for lack of probable cause. First, the United States asserts the defendant stopped at the crime scene of her own accord; therefore, there was no seizure of the defendant within the meaning of the law. See Michigan v. Chesternut, 486 U.S. 567, 573 (1988). When the officers went to determine why the defendants stopped at the crime scene, the officers smelled marijuana smoke which established probable cause to believe the defendants had marijuana in their possession. See United States v. Humphries, 372 F.3d 653, 659 (4th Cir. 2004) (Where "an officer smells the odor of marijuana in circumstances where the officer can localize its source to a person, the officer has probable cause to believe that the person has committed or is committing the crime of possession of marijuana..") The subsequent search quickly revealed narcotics. The narcotics were sufficient probable cause for the officers to arrest the defendant.

Further, the totality of the circumstances showed the officer had probable cause to search the car. United States v. Santiago, 310 F.3d 336, 340 (5th Cir. 2002); United States v. Smith, 201 F.3d 1317, 1323 (11th Cir. 2000). The smell of marijuana, the presence of the defendant at the scene where a large quantity of narcotics were abandoned, and the investigation which revealed the defendant is involved in the methamphetamine trade were sufficient to justify the brief search of the car. Probable cause is present "[W]hen the facts and circumstances would lead a reasonably prudent [person] to believe that the vehicle contains contraband, probable cause exists". United States v. Wilson, 894 F.2d 1245, 1254 (11th Cir. 1990) (quoting United States v. Alexander, 835 F.2d 1406, 1409 (11th Cir. 1988)).

3. The United States submits that the statements by the defendant after her arrest are admissible. The officers read the defendant her rights and the defendant opted to make certain

incriminating statements. The officers used no force, threats of force, or promises to get the defendant to make a statement. United States v. Garza, 63 F.3d 1342 (5th Cir. 1995).

## IV. CONCLUSION

For the above reasons, the motion to suppress is without merit.

Respectfully submitted this 25th day of August, 2005.

          Respectfully submitted,

          LEURA GARRETT CANARY
          UNITED STATES ATTORNEY

          TERRY F. MOORER
          Assistant United States Attorney
          One Court Square, Suite 201
          Montgomery, AL 36104
          Phone: (334)223-7280  Fax: (334)223-7135
          E-mail: terry.moorer@usdoj.gov  ASB-1176-O73T

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR. NO. 2:05-cr-155-T |
| | ) | |
| LEIGH ROHAN | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I, Terry F. Moorer, Assistant United States Attorney, hereby certify that on this the 25th day of August, 2005, I have mailed by United States Postal Service the document to Paul R. Cooper, Esquire, 312 Scott Street, Montgomery, AL 36104.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

/s/ Terry F. Moorer
TERRY F. MOORER
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280  Fax: (334)223-7135
E-mail: terry.moorer@usdoj.gov  ASB-1176-O73T

4