## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | PRESENTENCE INVESTIGATION REPORT |
| ) | |
| LEIGH ROHAN ) | Docket No. 2:05cr00155-T-001 |
| ) | |

**Prepared for:**     The Honorable Myron H. Thompson
                     United States District Judge

**Prepared by:**      Jo Ann Sellers
                     United States Probation Officer
                     Montgomery, Alabama
                     (334) 954-3239

| **Assistant U.S. Attorney** | **Defense Counsel** |
|---|---|
| **Terry F. Moorer** | **Paul R. Cooper** |
| One Court Square | Attorney at Law |
| Suite 201 | 312 Scott Street |
| Post Office Box 197 | Montgomery, AL 36104 |
| Montgomery, AL  36101-0197 | Telephone: (334) 262-4887 |
| Telephone: (334) 223-7280 | Fax: (334) 262-4880 |

**Sentence Date:**    **January 17, 2006, @ 9:00 a.m.**

**Offense:**          Count 1: Conspiracy to Distribute Methamphetamine
                     21 U.S.C. § 846/10 years to Life/$4,000,000 fine.
                     A Class A felony.

**Release Status:**   July 18, 2005: Arrested.
                     July 22, 2005: Released on a $25,000 unsecured bond.

**Detainers:**        None.

**Co-Defendants:**    Nicole Broadfoot         Dkt. No. 2:05cr00155-T-002

**Related Cases**:    None known.

**Date Report Prepared:**                      **Date Report Revised:**
November 28, 2005                              January 5, 2006

U.S.A. v. Leigh Rohan  
Docket No. 2:05cr00155-T-001                                Presentence Investigation Report

**Identifying Data**:

| | |
|---|---|
| Date of Birth: | ▓▓▓▓▓▓▓▓ |
| Age: | 35 |
| Race: | White |
| Sex: | Female |
| Ethnic Origin: | Non-Hispanic |
| | |
| S.S.#: | ▓▓▓▓▓▓▓▓ |
| FBI #: | 630125JC3 |
| USM #: | 11735-002 |
| | |
| Education: | High School |
| Dependents: | One |
| Citizenship: | U.S.A. |
| | |
| Legal Address: | 5761 Sweet Meadow Drive |
| | Montgomery, AL 36117 |
| | |
| Present Address: | Same as Above |
| | |
| True Name: | Leigh Vierra Rohan |
| | |
| Aliases: | None known |

**Restrictions on Use and Redisclosure of Presentence Investigation Report.** Disclosure of this presentence investigation report to the Federal Bureau of Prisons and redisclosure by the Bureau of Prisons is authorized by the United States District Court solely to assist administering the offender's prison sentence (*i.e.,* classification, designation, programming, sentence calculation, pre-release planning, escape apprehension, prison disturbance response, sentence commutation, or pardon) and other limited purposes, including deportation proceedings and federal investigations directly related to terrorist activities. If this presentence investigation report is redisclosed by the Federal Bureau of Prisons upon completion of its sentence administration function, the report must be returned to the Federal Bureau of Prisons or destroyed. It is the policy of the federal judiciary and the Department of Justice that further redisclosure of the presentence investigation report is prohibited without the consent of the sentencing judge.

U.S.A. v. Leigh Rohan                                                                            Presentence Investigation Report
Docket No. 2:05cr00155-T-001

# PART A.  THE OFFENSE

### Charge(s) and Conviction(s)

1. On June 29, 2005, a one count indictment was filed in the United States District Court for the Middle District of Alabama, charging Leigh Rohan and Nicole Broadfoot, with Conspiracy to Possess with Intent to Distribute Methamphetamine.

2. Count 1 charged from an unknown date to on or about June 17, 2004, in Autauga County, Alabama, Leigh Rohan and Nicole Broadfoot, did knowingly conspire together with other persons known and unknown to the Grand Jury to intentionally distribute and possess with intent to distribute approximately 50 grams of methamphetamine and more than 266.3 grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21 U. S. C. § 841(a)(1) all in violation of Title 21 U.S.C. § 846.

3. The defendant was arrested July 18, 2005.  She was released July 22, 2005, on a $25,000 unsecured bond with pretrial supervision.  The defendant has cooperated while on pretrial supervision and has not received any positive drug screens.

4. On September 21, 2005, the defendant pled guilty to the indictment, pursuant to Rule 11(c)(1)(C), *Federal Rules of Criminal Procedure* plea agreement.  In the plea agreement, the government agreed that the defendant would receive a sentence of 41 months imprisonment.  The government agreed to move at sentencing for a downward departure pursuant to USSG §5K1.1 or if the cooperation is not completed at sentencing, the government will move under Rule 35, *Federal Rules of Criminal Procedure* to reflect the defendant's substantial assistance.  The defendant waives appeal and collateral attack.

5. On September 29, 2005, codefendant, Nicole Broadfoot, pled guilty to the indictment.  On December 19, 2005, she was sentenced to 41 months custody of the Bureau of Prisons, pursuant to an 11(c)(1)(C) plea agreement.

### The Offense Conduct

6. On June 16, 2004, Task Force Agent David DeJohn received information from the Prattville Police Department that a resident of Prattville had come to the Police Department to turn over a black shaving bag containing  suspected methamphetamine that he had found on the side of Interstate 65 between Montgomery and Prattville, Alabama. Also inside the bag was drug paraphernalia.  Agent DeJohn along with a Prattville Police Officer, both in plain clothes and in an unmarked vehicle, went to the location where the drug evidence was located along Interstate 65.  They were processing the scene when a white 1999 Pontiac Grand Prix pulled along side the interstate in the middle of the search area.  The driver and passenger in the vehicle were later identified as Leigh Rohan and Nicole Broadfoot.  When Agent DeJohn approached the vehicle, he smelled marijuana.  He ask Rohan for consent to search the vehicle which was granted.  Inside the vehicle, he found a small wooden box containing a small amount of marijuana, approximately one-half ounce of methamphetamine

U.S.A. v. Leigh Rohan                                                                 Presentence Investigation Report
Docket No. 2:05cr00155-T-001

and drug paraphernalia. Rohan and Broodfoot later admitted that Rohan had been contacted by an individual known as Jacob Noftz and instructed to go to the interstate and find a black bag with drugs in it. Rohan stated that when she pulled up to the area on the interstate, she thought the undercover agents were also "chicken heads" (methamphetamine users), who like herself were out looking for the methamphetamine thrown out on the side of the interstate. Rohan and Broodfoot were under the impression that they would get a cut of the drugs if they located them.

7. The methamphetamine was analyzed by the Drug Enforcement Administration Forensic Laboratory. The methamphetamine located in the black bag was determined to be 48.8 grams of pure drug (actual). The methamphetamine located in Leigh Rohan's car was determined to be 6.9 grams of pure methamphetamine (actual).

### Victim Impact Statement

8. There is no identifiable victim who incurred a physical or financial loss as a result of this offense.

### Adjustment for Obstruction of Justice

9. The probation officer has no information suggesting that the defendant impeded or obstructed justice.

### Adjustment for Acceptance of Responsibility

10. The defendant pled guilty to the indictment. She has cooperated with the government and with the probation officer. During the presentence interview, the defendant stated that an acquaintance sent her to retrieve a bag on the side of the interstate, which he advised contained money and methamphetamine. She stated that she was to get part of the money in the bag or the meth. She also advised she had in her possession methamphetamine for her own personal use.

### Offense Level Computation

11. The 2005 edition of the Guidelines Manual has been used in this case.

12. **Base Offense Level:** The Base Offense Level for offenses in violation of 21 U.S.C. § 841(a)(1) and § 846 is found at USSG §2D1.1, which provides that the offense level specified in the Drug Quantity Table set forth in subsection (c) is to be applied. The defendant is held accountable for 55.7 grams of methamphetamine (actual). Pursuant to USSG §2D1.1(c)(4), offenses involving at least 50 grams but less than 150 grams of "methamphetamine actual" are assigned a base offense level of 32.      **32**

13. **Specific Offense Characteristics:** Pursuant to USSG §2D1.1(b)(7), if the defendant meets the criteria set forth in subsections (1) - (5) of subsection (a) of §5C1.2 (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases), decreased by two levels.
                                                                                                                              **-2**

4

U.S.A. v. Leigh Rohan                                                      Presentence Investigation Report
Docket No. 2:05cr00155-T-001

| | | |
|---|---|---|
| 14. | **Victim-Related Adjustments:** None | **0** |
| 15. | **Adjustment for Role in the Offense:** None | **0** |
| 16. | **Adjustment for Obstruction of Justice:** None | **0** |
| 17. | **Adjusted Offense Level** (Subtotal)**:** | **30** |

18. **Adjustment for Acceptance of Responsibility:** Pursuant to USSG §3E1.1(a), the defendant clearly demonstrated acceptance of responsibility for this offense. Therefore, the offense level is decreased by two levels. Pursuant to USSG 3E1.1(b), the defendant qualifies for an additional one-level deduction since her offense level is 16 or greater and she has timely provided complete information to the government concerning her own involvement in the offense and timely notified authorities of her intention to enter a plea of guilty.    **-3**

19. **Chapter Four Enhancements:** None                                                                 **0**

20. **Total Offense Level:**                                                                             **27**

## PART B.  THE DEFENDANT'S CRIMINAL HISTORY

### Juvenile Adjudications

21. None known.

### Adult Criminal Convictions

| | Date of Arrest | Conviction/ Court | Date Sentence Imposed/ Disposition | Guideline/ Points |
|---|---|---|---|---|
| 22. | 08/10/04 (Age 33) | Unlawful Distribution of Controlled Substance Circuit Court Montgomery, AL Dkt. No. CC05-461 | **05/13/05**: 5 years confinement. Suspended on 5 years probation. | 4A1.1(c) <br><br><br> **1** |

The defendant was represented by Attorney Clay Benson. Details reflect that on May 6, 2004, the defendant sold a quantity of methamphetamine to a confidential informant at 21-B Calhoun Road, Montgomery, Alabama.

### Criminal History Computation

23. The total criminal history points is one. According to the Sentencing Table (Chapter 5, Part A), zero to one criminal history points establish a criminal history category of I.

# PART C.  OFFENDER CHARACTERISTICS

Personal and Family Data

24. Thirty-five year old Leigh Vierra Rohan was born September 24, 1970, in Montgomery, Alabama. She was reared in Lowndes County, Alabama, by her mother, Linda Vierra. When the defendant was a student in the 9th grade, her family moved back to Montgomery, Alabama, where she has remained since that time. The defendant's mother is employed as an accountant in Luverne, Alabama. The defendant has had very limited contact with her father, John Vierra since her parents divorced when she was five years old. Her farther's exact whereabouts is unknown at this time. He is a retired from the U.S. Marines.

25. The defendant has one sister, Marion Vierra Shaw, age 34, who resides in Montgomery, Alabama, at 5761 Sweet Meadow Drive. She is the owner of Peyton's Place Restaurant. The defendant has been residing with her sister since July 2005.

26. It was verified that the defendant married William Todd Rohan on December 14, 1996, in Lowndes County, Alabama. They were divorced October 21, 1998, in Montgomery County, Alabama. One child was born of this union. Lindsey Taylor Rohan, age 13, resides with her father at 82 Kent Street, Montgomery, Alabama. Mr. Rohan has had custody of Lindsey since May 2004. The defendant's sister is petitioning to be granted custody of Lindsey. The case has been continued until April 2006. The defendant has visitation at this time with her child.

**Physical Condition**

27. The defendant is 5 feet, 3 inches tall and weighs approximately 125 pounds. She has brown eyes and brown hair. The defendant has the following tattoos: a flamingo on her left breast; a unicorn on her right shoulder; and a rose vine on her right ankle.

28. The defendant reported being in good physical condition and is on no prescribed medication.

**Mental and Emotional Health**

29. The defendant reported she received counseling in 1998 as a result of mental abuse from her husband. She stated that she was prescribed Prozac for depression for approximately one month.

**Substance Abuse**

30. The defendant reported that she had been a regular user of methamphetamine and marijuana prior to her arrest for the instant offense. She advised that her addiction to methamphetamine had begun approximately five years ago. Prior to her arrest, the cost to support her habit was approximately $100 to $150 per day. She stated that she last used marijuana and methamphetamine on July 18, 2005.

U.S.A. v. Leigh Rohan                                                                        Presentence Investigation Report
Docket No. 2:05cr00155-T-001

31. The defendant enrolled in a 32 week program at Chemical Addictions Program (CAP) in Montgomery, Alabama, for substance abuse on August 24, 2005. She is currently in treatment.

**Education and Vocational Skills**

32. The defendant graduated from Robert E. Lee High School in 1988.

**Employment Record**

33. From August 2003 to the present time, the defendant has been employed by Peyton's Place Restaurant, Montgomery, Alabama, as the assistant manager.

34. From 2002 to 2003, the defendant was employed at the State Market Cafe, Montgomery, Alabama, as a waitress.

35. The defendant reported that she has had numerous employments and has not been unemployed since age 15 for more than six weeks at the time.

**Financial Condition: Ability to Pay**

36. The following information was obtained through an interview with the defendant, a signed personal financial statement and a review of her credit bureau report.

ASSETS

| | |
|---|---|
| Cash | $      .00 |
| Unencumbered Assets | |
| Savings Account (Comala Credit Union) | $    11.81 |
| Checking Account (Comala Credit Union) | $    58.26 |
| Equity in Other Assets | |
| 82 Kent Street, Montgomery, AL* | $ 12,500.00 |
| TOTAL ASSETS | $ 12,570.07 |
| Unsecured Debts | |
| Collections | $  2,074.00 |
| Chase National Bank | 1,903.00 |
| TOTAL UNSECURED DEBTS | $  3,977.00 |
| NET WORTH | $  8,593.07* |

Case 2:05-cr-00155-MHT-CSC     Document 82     Filed 02/06/2006     Page 8 of 10

U.S.A. vs. Leigh Rohan                                              Presentence Investigation Report
Docket No. 2:05cr00155-T-001

|  |  |  |
|---|---|---|
| Monthly Cash Flow | $ | 1,000.00 |
| TOTAL INCOME | $ | 1,000.00 |
| Necessary Living Expenses | | |
|   Rent | $ | 40.00 |
|   Telephone | | 81.00 |
|   Transportation | | 80.00 |
|   Clothes | | 100.00 |
|   Personal Loan Payments | | 100.00 |
|   Co-Payments | | 250.00 |
| TOTAL LIVING EXPENSES | $ | 651.00 |
| NET MONTHLY CASH FLOW | $ | **349.00** |

37. *The defendant shows a net worth of $8,593.00. However, the defendant filed Chapter 7 Bankruptcy in the U.S. Bankruptcy Court on March 10, 2005. She has numerous debts which are not individually listed, but are included in her bankruptcy case. Additionally, the defendant reported that she shared a residence prior to her divorce with her husband at 82 Kent Street, Montgomery, Alabama. She advised that he was ordered at the time of the divorce to sell the home and split the equity with her. However, the defendant's ex-husband is still living in the home and has not put it on the market for sale at this time.

38. Based on the defendant's financial profile, it does not appear that she is in a position to pay a fine. A $100 assessment fee is mandatory.

## PART D.   SENTENCING OPTIONS

*In accordance with the recent ruling in United States v. Booker, 125 S. Court, 738 (2005), where the Supreme Court ruled Federal Sentencing Guidelines are now advisory, it is the opinion of the U.S. Probation Office that the Court may sentence a defendant anywhere within the statutory provisions after considering 18 U.S.C. § 3553 when imposing a sentence.*

### Custody

39. **Statutory Provisions:** The authorized term of imprisonment for this offense, a Class A felony, is 10 years to Life, pursuant to 21 U.S.C. § 841(b)(1)(A). Because the defendant meets the criteria in 18 U.S.C. § 3553(f)(1) - (5), the mandatory minimum of 10 years is not required.

40. **Guideline Provisions:** Based on a Total Offense Level of 27 and a Criminal History Category of I, the guideline range of imprisonment for this offense is 70 to 87 months.

Case 2:05-cr-00155-MHT-CSC     Document 82     Filed 02/06/2006     Page 9 of 10

U.S.A. vs. Leigh Rohan                                                                    Presentence Investigation Report
Docket No. 2:05cr00155-T-001

### Impact of Plea Agreement

41. All of the defendant's criminal conduct has been taken into consideration in the calculation of the guidelines. However, the plea agreement calls for a sentence of 41 months, which is significantly lower than the bottom end of the guideline range. Therefore, it is necessary for the government to justify a downward departure to the lower level of 41 months.

### Supervised Release

42. **Statutory Provisions:** Pursuant to 21 U.S.C. § 841(b)(1)(A), the minimum term of supervised release for this offense is five years. The maximum term of supervised release for this offense is five years, pursuant to 18 U.S.C. § 3583(b)(1). Because the defendant meets the criteria in 18 U.S.C. § 3553(f)(1) - (5), the mandatory minimum is not required.

43. **Guideline Provisions:** Pursuant to USSG §5D1.1(a), the court shall order a term of supervised release to follow imprisonment when a sentence of imprisonment of more than one year is imposed, or when required by statute. The authorized term of supervised release for this offense is 3 to 5 years, pursuant to USSG §§5D1.2(a)(1).

44. In addition to the standard conditions of supervision, the defendant is also subject to special conditions of supervision as provided in USSG §§5D1.3(d) and (e).

### Probation

45. **Statutory Provisions:** The defendant is statutorily ineligible for a sentence of probation because the instant offense is a Class A felony. 18 U.S.C. §§ 3561(a)(1).

46. **Guideline Provisions:** Pursuant to USSG §5C1.1(f), the defendant is not eligible for a sentence of probation because the applicable guideline range is in Zone D of the Sentencing Table.

### Fines

47. **Statutory Provisions:** The maximum fine for this offense is $4,000,000.00, pursuant to 21 U.S.C. § 841(b)(1)(A).

48. A special assessment of $100.00 is mandatory, pursuant to 18 U.S.C. § 3013.

49. **Guideline Provisions:** Pursuant to USSG §§5E1.2(c)(3) and (c)(4), the fine range for this offense is $12,500.00 to $4,000,000.

50. In determining the amount of the fine, the Court shall consider, among other factors, the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed. USSG §5E1.2(d)(7). The most recent advisory from the Administrative Office of the United States Courts, dated April 15, 2005, suggests that a monthly cost of $1,933.80 be used for imprisonment, a monthly cost of $1,675.23 be used for halfway houses, and an annual cost of $3,452.72 be used for supervision.

### Restitution

51. Pursuant to USSG §5E1.1(d), the court shall order an amount of community restitution. If the court determines that the defendant does not have the ability to pay a fine, no community restitution shall be imposed.

### Denial of Federal Benefits

52. **Statutory Provisions:** Pursuant to 21 U.S.C. § 862, upon the defendant's second conviction for an offense consisting of the distribution of a controlled substance, a defendant may be declared ineligible for any or all federal benefits for up to 10 years at the court's discretion.

53. **Guideline Provisions:** Pursuant to USSG §5F1.6, the court may deny eligibility for certain federal benefits of any individual convicted of distribution or possession of a controlled substance.

## PART E.  FACTORS THAT MAY WARRANT DEPARTURE

54. Presentation of information in this section does not necessarily constitute a recommendation by the probation officer.

55. Pursuant to USSG §5K1.1, the court may depart from the guidelines upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense.

                                              Respectfully submitted,

                                              Joseph T. Nash
                                              Chief U.S. Probation Officer

                                          by /s/ Jo Ann Sellers
                                             Jo Ann Sellers
                                             United States Probation Officer

APPROVED:

/s/ R. Dwayne Spurlock
R. Dwayne Spurlock
Supervising U. S. Probation Officer

JAS/lm

Date: January 5, 2006