IN THE UNITED STATES DISTRICT COURT OF
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| | * | |
| vs. | * | CASE NO. 2:05cr-155-T |
| | * | |
| LEIGH ROHAN, | * | |
| DEFENDANT. | * | |

**MEMORANDUM OF LAW**

**INTRODUCTION**:

This matter comes before the Court on Defendant Leigh Rohan's motion to the Court to amend its sentence and judgment to make a recommendation to the Bureau of Prisons concerning the type of "prison facility" to place Rohan in the last six months of her sentence.

**FACTS**:

On September 1, 2005 Leigh Rohan pleaded guilty to Count One of an indictment for the conspiracy to distribute and possess with the intent to distribute 50 grams of methamphetamine and more than 266.3 grams of a mixture containing a detectible amount of methamphetamine. On February 6, 2006 she was sentenced to 41 months in the penitentiary and ordered to surrender on April 17, 2006.

Presently Rohan is at the Federal Prison Camp in Bryan, Texas where she has successfully completed the Intensive Residential Drug Treatment program. She is scheduled to be released and assigned to a half-way house on February 13, 2008 for the last six months of her sentence.

Originally she was to be assigned to the half-way house in Montgomery, Alabama. However, it has closed for lack of funds. Now, she is to be assigned to a half-way house in Atlanta, Georgia.

Rohan has filed her motion requesting that she be assigned to

home confinement in Montgomery, Alabama with her sister and allowed to work at her restaurant.

**ISSUE:**

What statutory or rule authority does a district court have to amend a sentence in order to designate where a federal prisoner will spend the last six months of her sentence?

**DISCUSSION:**

The United States Bureau of Prisons has statutory authority to place prisoners in "pre-release custody" under 18 U.S.C. ( c). It states:

> "Pre-release custody.-The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody."

This authority allows the Bureau of Prisons to place prisoners in group homes or in home confinement basically during the last 10 per cent of their sentence not to exceed six months.

This statute has been construed by several district courts. In U.S. v. Shipley, 286 F.Supp. 499 (W.D. Pa. 2003), the defendant filed a motion in district court to modify his sentence which would permit him to spend six months of his sentence in a community corrections center and then be released for good behavior. The Court noted that Section 3624(c) did not refer to mandatory procedures but was a broadly worded statute which provided general policy to guide the prison bureau. Id., 499-500.

Furthermore, the court stated: "Nothing in §3624(c) indicates any intention to encroach upon the Bureau's authority to decide where the prisoner may be confined during the pre-release period...We agree and conclude that a pre-release custody placement like the one sought by petitioner is a matter committed to the authority of the Bureau of Prisons." Id.,p.499-500.

Furthermore, normally, once a defendant is handed over to the Bureau of Prison, district courts lose authority: As summarized by the Supreme Court in Hewitt vs. Helms, 459 U.S. 460, (1976).

"[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Id, at 468.

The Tenth Circuit Court of Appeals has held that Section 3624 ( c) is a grant of authority to place a defendant in pre-release custody only to the Bureau of Prisons and not to district courts. In <u>Prows v. Federal Bureau of Prisons</u>, 981 F.2d 466 (10th Cir.1992), cert. denied,510 U.S. 830, 114 S.Ct. 98, 126 L.Ed.2d 65 (1993), they state:

> "[w]hile there is mandatory (albeit qualified) language employed in the statute, it relates only to the general direction to facilitate the prisoner's post-release adjustment through establishment of some unspecified pre-release conditions. Nothing in § 3624(c) indicates any intention to encroach upon the Bureau's authority to decide where the prisoner may be confined during the pre-release period.

This seems to be the prevalent view among the district courts In <u>Gambino v. Gerlinski</u>, 96 F. Supp 2d 456 (MD 2000),the Defendant filed a petition for habeas corpus against the Bureau of Prisons alleging that Section 3624( c) provided him the right to home confinement or half-way house prior to the expiration of his sentence. In denying the petition, the district court summarized this view:

> "Each district court which has addressed the issue has reached the same conclusion. <u>Lizarraga-Lopez v. U.S.,</u>

89 F.Supp.2d 1166 (S.D.Cal.2000) (holding that no relief is available pursuant to § 2255 based on alleged violation of § 3624(c) because it does not guarantee placement into community confinement for any federal prisoner and noting that Bureau of Prisons has been granted vast discretion to determine appropriate conditions under which prisoner shall serve his or her sentence); U.S. v. Morales-Morales, 985 F.Supp. 229, 231 (D.Puerto Rico 1997) (§ 3624(c) does not confer upon prisoners the right to seek a particular form or place of pre-release custody); U.S. v. Mizerka, 1992 WL 176162 (D.Or. July 16, 1992) (no habeas corpus relief based on an alleged violation of § 3624(c) because that section does not require the Bureau of Prisons to provide for confinement in a community corrections center prior to the end of the term of imprisonment); Flisk v. U.S. Bureau of Prisons, et al., 1992 WL 80523 (N.D.Ill. April 10, 1992) (no relief available pursuant to § 2255 based on alleged violation of § 3624(c) because that section is not mandatory); Lyle vs. Sivley, 805 F.Supp. 755 (D.Ariz.1992) (habeas corpus relief denied because, inter alia, § 3624(c) does not create a protected liberty interest)."

Gambino v. Gerlinski, 96 F. Supp 2d 456-57.

In conclusion, it doesn't look good for Rohan.

### **SUGGESTIONS TO A PROBLEM**

When imposing a sentence, under 18 U.S.C.3582(a) the sentencing court is authorized "to make a recommendation concerning the type of prison facility appropriate for the defendant."

Under 18 U.S.C.(b)(4)(B) when the Bureau of Prison designates the place of a prisoner's imprisonment it may consider "any statement by the court that imposed the sentence recommending a type of penal or correctional facility as appropriate."

This court can enter a recommendation on the record directed to the Bureau of Prisons that Leigh Rohan be sent to home confinement in Montgomery because there is no half-way house and because she is a good candidate. Anything else is surplusage.

There is no federal half-way house in Montgomery because it has closed for lack of funds. All hometown defendants sentenced from this district court will surely want to return to Montgomery to start over, not in Atlanta where they probably have no family to help them re-enter the community.

One suggestion is that in all future sentencings in appropriate cases this Court enter a recommendation for home confinement the last six months of their sentence under 18 U.S.C.§3624 ( c) in the event that there is no half-way house in Montgomery.

Done this 1 February 2008.

                                  S/Paul R. Cooper
                                  COOPER & COOPER
                                  ATTORNEYS AT LAW
                                  312 Scott Street
                                  Montgomery, AL 36104
                                  ASB-1152-R78P
                                  Phone: (334)262-4887
                                  Fax:   (334)262-4880
                                  E-mail: prc@cooperandcooperlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on 1 February 2008 I did electronically file the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: An Assistant United States Attorney, and I hereby certify that I have mailed by United States Postal Service the documentation to the following non-CM/ECF participants: none.

                                  S/Paul R. Cooper
                                  Paul R. Cooper (ASB-1152-R78P)
                                  COOPER & COOPER
                                  312 Scott Street
                                  Montgomery, AL 36104
                                  Phone: (334)262-4887
                                  Fax:   (334)262-4880
                                  E-mail:  prc@cooperandcooperlaw.com